141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Franklin CHIPPEWA, Sr., Defendant-Appellant.
 No. 97-30160.
DC No. CR-96-00099-BLW.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 5, 1998.
Decided March 17, 1998.
 
 Appeal from the United States District Court for the District of Idaho, B. Lynn Winmill, District Judge, Presiding.
 Before SCHROEDER, ALARCON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Franklin Chippewa appeals his conviction for second degree murder, two counts of assault, two counts of weapons possession, and his 15-year sentence. Driving while intoxicated on a road that intersects a state highway, he ignored two stop signs and his truck collided with a van, killing one of its passengers and injuring two others. Federal law applies because Chippewa is an Indian and the accident occurred on a reservation.
 
 
 3
 Chippewa argues that his actions did not amount to second-degree murder because the government failed to prove that he acted with extreme reckless disregard for human life that shows malice aforethought. There was more than sufficient evidence to permit a reasonable juror to have found beyond a reasonable doubt that Chippewa acted with extreme indifference. The jury was also presented with multiple alcohol-related driving incidents from which it could have inferred that he knew of the dangers yet disregarded warnings.
 
 
 4
 Chippewa argues that the factual similarities between this case and United States v. Loera, 923 F.2d 725 (9th Cir.1991), "require[ ] that the result be the same." This is incorrect. While the jury in Loera convicted the defendant of involuntary manslaughter instead of second-degree murder, the verdict, though reasonable, was not compelled by the facts. This court found that evidence of the defendant's prior DUI convictions was properly admitted because the issue of malice aforethought was properly before the jury. Id. at 729 (citing with approval United States v. Fleming, 739 F.2d 945 (4th Cir.1984)). It also held that the jury could infer willfulness because the defendant drove while voluntarily intoxicated. Id. at 728-29. The question of whether to convict of manslaughter or murder remained an issue for the jury, as it was here.
 
 
 5
 Chippewa next contends that the court erred because it did not include "willfulness" as part of the second-degree murder instructions. "Malice aforethought does not require an element of willfulness if the existence of that malice is inferred from the fact that defendant acted recklessly with extreme disregard for human life." United States v. Houser, 130 F.3d 867, 872 (9th Cir.1997). The court carefully crafted the instructions in this case to avoid juror confusion.
 
 
 6
 Chippewa next argues that the court erred by admitting evidence of five prior bad acts via Federal Rule of Evidence 404(b). His contentions are without merit. The evidence of a February 1989 DUI conviction was properly admitted and the contention of remoteness must be rejected. See United States v. Hinton, 31 F.3d 817, 823 (9th Cir.1994) (rejecting inflexible rule for remoteness in time and recognizing that ten years can be appropriate in proper circumstances). Both the May 1993 and September 1993 DUI arrests were relevant to establishing knowledge of recklessness and its consequences. The district court weighed the probative value against the prejudicial effect and it did not abuse its discretion in admitting the evidence.
 
 
 7
 Chippewa challenges the admission of all five as being cumulative and prejudicial. Reliance on United States v. Loera, supra, is misplaced, for we there set no arbitrary or numerical limit on the district court's discretion in admitting evidence of prior bad acts.
 
 
 8
 Chippewa challenges the court's instructions on speed limits and DUI law, contending that they created an improper inference of criminal conduct that was not charged and therefore invaded the province of the jury. The instructions were neutral statements of the law as applied to the facts of this case, and did not imply that Chippewa was guilty of the more serious criminal offenses charged. The instructions did not compel the jurors to believe that because Chippewa may have violated these state and tribal laws, he was also guilty of murder.
 
 
 9
 Finally, the court did not err in denying Chippewa a two-level reduction for acceptance of responsibility. Chippewa never accepted full responsibility for his conduct or its consequences. See, e.g., United States v. Arias-Villanueva, 998 F.2d 1491, 1513 (9th Cir.1993).
 
 
 10
 Shortly before argument, appellant sought a continuance to explore the claim to possible lack of jurisdiction in light of South Dakota v. Yankton Sioux Tribe, --- U.S. ----, 118 S.Ct. 789, 139 L.Ed.2d 773 (1998). The record before us contains no suggestion of any jurisdictional infirmity.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3